Judge Robertson,
delivered the opinion of the Court.
On a warrant prosecuted by Charlotte. Robbins against John Williams, charging him, with being the father of her bastard child, the county court adjudged that he should pay for the maintenance of the child $200 in ten annual installments, of $20 each, Whereupon he executed in court, a bond, with Thomas. M» Ballard his security, payable to the commonwealth, with a condition reciting the foregoing facts, and rendering. the bond void, on the payment to the sheriff (who was' appointed by the court to collect and appropriate the nipney). of the installments as they should become due. This bond was executed at the October term 1824 of the court.
A court of original jurisdiction has no control over its orders or judgments, unless during the term at which rendered or entered up.
In October 1826, an order was made by the court, quashing certain proceedings, (but what does not ap’ pear) and directing the sheriff to pay over to the mother, the installments, as soon as collected, if she should continue to maintain the child well.
At the April term, 1827 of the court, a motion being before the court, in the name of the commonwealth on sufficient notice, fora judgment against the obligors on the bond, for several installments, which remained urn paid, Charlotte Robbins, was required to'give security for costs, on the ground, that she had removed to Indiana. The bond was executed with approved security, and thereupon, the court made the following order, É<the defendants by their attorney, moved the court, to dismiss all further proceedings herein, on the ground that the said Charlotte Robbins, hath removed herself, together with her bastard child, without this commonwealth, which motion being objected to, &c., and argument being heard by the court, all further proceedings herein, are by the court, ordered to be dismissed accordingly.
To reverse this last order, this writ of error is prosecuted.
Few such records of judicial proceedings can be shewn, as the one now before us. But with all its blunders, it cannot prove that the court, by any retroactive order; has destroyed the legal obligation of the bastardy bond, or deprived the commonwealth of its right to enforce it, for the benefit of the mother and her illegitimate child. This, it seems, that the county court tried to do, and would have done, if it could. But its power was insufficient.
The order for quashing proceedings, in 1826, can have no effect on this case, although the record does not shew what proceeding was quashed; yet it is evident, that it was some motion, made by some of the parties which the court would not entertain. The whole order taken together, shews this. The court did not certainly mean to quash the proceedings of 1824. They were beyond its power. It had no control over its judgment of 1824.
The order dismissing the motion, cannot be defended by any such reason, as that furnished by the court; and we have detected no other, which can sustain it.
When an allowance has been made for the support and maintenance of a bastard, the removal of the mother and child out of the state, does not discharge the bond given under the statute, for the payment of the sum allowed.
Denny, Attorney General, for plaintiff; Crittenden, for defendants.
The removal of the mother and child, did not discharge the obligation of the bond, or release the obli-'' gors from their undertaking.
The object of requiring the bond, is not to exempt the county or the state from the maintenance of the bastard, as a pauper; it is to benefit and assist the mother, and to enforce on the father, a natural obligation, to sustain his own offspring, and all the proceedings for this end, are civil and not criminal; Schooler vs. the commonwealth, Lit. Sel. Ca. 89. We cannot imagine, how a removal from the county, or even from the state, of both the mother and' the child, can nullify, or in the slightest degree impair the bond in which the father has engaged to contribute to their comfort and support. Nor is any defect perceived in the bond. The court hada right to direct, that the money should be paid to the sheriff, or any other person, for appropriation, under its supervision and control. And it was not improper, that the condition of the bond should require the installments to be paid to the sheriff. This only made the bond speak the truth. If any installments should not be paid as soon as due then the penalty on the bond was forfeited to the commonwealth, and suit might be brought in her name on the bond. The bond is made payable to the commonwealth, this is conformable to the act of Assembly, and is all that is required by it. The bond is good, the motion was proper; its dismission was erroneous.
Wherefore, the order dismissing the motion is reversed and set aside, and the case remanded.